IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CLEAR SPRING PROPERTY AND
CASUALTY COMPANY,

   Plaintiff,

vs.

TYRON LAMAR GIDDENS, JONATHAN
ROSE, SHERRY GARLAND, STATE
FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, GOVERNMENT
EMPLOYEES INSURANCE COMPANY,
ROCKY MOUNTAIN HOSPITAL AND
MEDICAL SERVICE, INC.,
WILLIAM FLOYD, PROGRESSIVE
PREFERRED INSURANCE COMPANY,
JAMES SHOOK, HAULERS
INSURANCE COMPANY, INC.,
RICHARD MILTON, ARGONAUT
GREAT CENTRAL INSURANCE
COMPANY as subrogee of CITY
OF WOODSTOCK, APEX INSURANCE
SERVICES, LLC as subrogee of
CITY OF WOODSTOCK, JAMES
WARRINGTON, TRAVELERS
PROPERTY AND CASUALTY
INSURANCE COMPANY, JOHN DOE
1-8 and XYZ CORP 1-8.

   Defendants.

CIVIL ACTION FILE NO:

_____

## **COMPLAINT FOR DECLARATORY JUDGMENT**

  COMES NOW, CLEAR SPRING PROPERTY AND CASUALTY COMPANY,

Plaintiff in the above-styled action, and files this Complaint

for Declaratory Judgment, showing the Court as follows:

- 1 -

## JURISDICTION AND VENUE

1.

Plaintiff, Clear Spring Property and Casualty Company (hereinafter "Clear Spring"), is incorporated under the laws of the State of Texas with its principal place of business in Chicago, Illinois.  Clear Spring submits itself to the jurisdiction of this court for the purposes of this action.

2.

Defendant Tyron Lamar Giddens is a citizen of the State of Georgia.  He can be personally served with process at his last known whereabouts, the Cherokee County Adult Detention Center, 498 Chattin Drive, Canton, Georgia 30115. This defendant is subject to the jurisdiction of this court.

3.

Defendant Jonathan Rose is a citizen of the State of Georgia.  He can be personally served with process at his last known address, 4975 Canton Road, Marietta, Cobb County, Georgia 30066. This defendant is subject to the jurisdiction of this court.

4.

Defendant Sherry Garland is a citizen of the State of Georgia.  She can be personally served with process at her last known address 185 Wheeler Martin Road, Canton, Cherokee County,

Georgia 30115. This defendant is subject to the jurisdiction of this court.

5.

State Farm Mutual Automobile Insurance Company ("State Farm") is an Illinois insurance company doing business in Georgia and may be served by service on its registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, GA 30092. State Farm is the insurer of Willis H. Kimzey, III pursuant to policy number 11-21393994. This defendant is subject to the jurisdiction of this court.

6.

Government Employees Insurance Company ("GEICO") is a Maryland insurance company doing business in Georgia and may be served be served by service on its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, GA 30046-4805. GEICO is the insurer of Harley J. Hamilton pursuant to policy number 4211633047. This defendant is subject to the jurisdiction of this court.

7.

Rocky Mountain Hospital and Medical Service, Inc. is a Colorado corporation operating under the trade name Anthem Blue Cross and Blue Shield. Despite doing business in Georgia, Rocky Mountain Hospital and Medical Service, Inc. is not registered to

- 3 -

transact business in Georgia.  Rocky Mountain Hospital and
Medical Service, Inc. is, or claims to be, an insurer of William
Floyd pursuant to its file no. 112427955. Rocky Mountain
Hospital and Medical Service, Inc. may be served by service on
its registered agent for service of process, CT Corporation
System, 7700 E. Arapahoe Rd., Suite 220, Centennial, CO 80112-
1268, with a copy sent by mail pursuant Fed.R.Civ.P. 4(h)(1)(B).
This defendant is subject to the jurisdiction of this court.

8.

William Floyd is a resident of Georgia and may be served at
4380 E. Brookhaven Drive, NE, Brookhaven, Dekalb County,
Georgia.  This defendant is subject to the jurisdiction of this
court.

9.

Progressive Preferred Insurance Company ("Progressive") is
an Ohio insurance company doing business in Georgia and may be
served by service upon its registered agent, CT Corporation
System, 289 S. Culver Street, Lawrenceville, Gwinnett County,
Georgia 30046. Progressive is the insurer of William Floyd
pursuant to policy no. 927294238.  This defendant is subject to
the jurisdiction of this court.

10.

James Shook is a resident of Georgia and may be served at 11 Wagon Wheel Lane, Ellijay, Gilmer County, Georgia. This defendant is subject to the jurisdiction of this court.

11.

Haulers Insurance Company, Inc. ("Haulers") is a Missouri insurance company doing business in Georgia and may be served by service upon its registered agent, Corporation Service Company, 2 Sun Court, Peachtree Corners, Gwinnett County, Georgia 30092. Haulers is the insurer of James Shook pursuant to policy no. PP2012GA0331.  This defendant is subject to the jurisdiction of this court.

12.

Richard Milton is a citizen of Georgia and may be served at 817 Commons Court, Woodstock, Cherokee County, Georgia. This defendant is subject to the jurisdiction of this court.

13.

Argonaut Great Central Insurance Company ("Argonaut") is an Illinois insurance company doing business in Georgia and may be served by service on its registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092. Argonaut is the insurer of the city of Woodstock pursuant to policy number BA-4639952-00. This defendant is subject to the jurisdiction of this court.

- 5 -

14.

Apex Insurance Services, LLC ("Apex") is a Georgia limited liability corporation doing business in Georgia and may be served by serving its registered agent, Gary N. Miller at 3721 New Macland Road, Suite 200-196, Powder Springs, Cobb County, Georgia 30127. Apex is the insurer of the city of Woodstock. This defendant is subject to the jurisdiction of this court.

15.

James Warrington is a citizen of Georgia and may be served at 224 Ridge Court, Ball Ground, Cherokee County, Georgia.  This defendant is subject to the jurisdiction of this court.

16.

Travelers Property and Casualty Insurance Company  is a Connecticut corporation doing business in Georgia and may be served by serving its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092. Travelers is the insurer of a vehicle involved in the accident which forms the basis for this action pursuant to claim no. IKK0485. This defendant is subject to the jurisdiction of this court.

17.

Defendants John Doe 1-8, whose identity and whereabouts are presently unknown, are subject to the jurisdiction of this

- 6 -

court. These defendants will be served once their identities are
known to the plaintiff.

18.

Defendants XYZ Corp. 1-8, whose identity and whereabouts
are presently unknown, are subject to the jurisdiction of this
court. These defendants will be served once their identities are
known to the plaintiff.

19.

This matter arises from a motor vehicle accident that
occurred on September 21, 2020, in Cherokee County, Georgia.

20.

This action is brought pursuant to 28 U.S.C.A. § 2201, and
Rule 57, Federal Rules of Civil Procedure, for the purpose of
determining a question of actual controversy between Clear
Spring and the defendants concerning Clear Spring's respective
rights and liabilities owed to defendants for coverage and
indemnification for certain damages sought under a policy of
insurance.

21.

This Court has jurisdiction over this action pursuant to 28
U.S.C.A. § 1332 because as a citizen of Texas, Plaintiff is a
citizen of a different state than all Defendants, and the amount
in controversy, exclusive of interest and costs, exceeds
$75,000.00.

- 7 -

22.

Venue is laid in this District pursuant to 28 U.S.C.A. § 1391 by virtue of the fact that a substantial part of the events giving rise to the claim occurred within this judicial district.

23.

The Defendants are subject to the jurisdiction and venue of this Court.

**PRELIMINARY ALLEGATIONS**

24.

On or about September 21, 2020, a 1999 Dodge Ram 1500 truck driven by defendant Tyron Lamar Giddens was involved in an accident with other vehicles which were driven by, or insured by, various defendants as further alleged herein.

25.

The 1999 Dodge Ram 1500 truck driven by defendant Tyron Lamar Giddens was owned by defendant Jonathan Rose.

26.

The 1999 Dodge Ram 1500 truck driven by defendant Tyron Lamar Giddens without permission was taken by him from the possession of defendant Sherry Garland, who had possession of the vehicle with the consent and permission of defendant Jonathan Rose.

27.

The 1999 Dodge Ram 1500 truck driven by defendant Tyron Lamar Giddens was taken by him from the possession of Sherry Garland without her knowledge, authorization, or permission.

28.

At the time of the accident with other vehicles which were either driven by or insured by the various defendants as further alleged herein, defendant Tyron Lamar Giddens was not a family member of either Jonathan Rose or Sherry Garland nor a resident of the household of either Jonathan Rose or Sherry Garland.

29.

At the time of the accident with other vehicles which were either driven by or insured by the various defendants as further alleged herein, the 1999 Dodge Ram 1500 truck driven by defendant Tyron Lamar Giddens was being driven by him without the authorization or permission of either defendant Jonathan Rose or defendant Sherry Garland.

30.

Defendants State Farm Mutual Automobile Insurance Company, Government Employees Insurance Company, Rocky Mountain Hospital and Medical Service, Inc., William Floyd, Argonaut Great Central Insurance Company as subrogee of the City of Woodstock (through its subrogation recovery partner, SubroIQ, which is understood to be a fictitious trade name for Paragon Asset Recovery

Services, Inc., a Pennsylvania corporation), Apex Insurance
Services as subrogee of the City of Woodstock, James Warrington
and Travelers Property and Casualty Insurance Company (through
claims professional Michael Tomaka) have each notified Clear
Spring of claims for payment for damage to property or medical
expenses for personal injuries.

**The Policy**

31.

Clear Spring issued a Georgia Personal Automobile Policy,
policy #GAA10012301 (the "Policy") to Jonathan Rose, which
policy renewed on September 20, 2020 for a six month period
through March 20, 2021. A true and correct copy of the Policy
and the renewal declarations page (with premium information
redacted) is attached as Exhibit "A".

32.

The only authorized listed drivers on the Policy are
Jonathan Rose and Sherry Garland.

33.

The Policy provides liability coverage in pertinent part as
follows:

**INSURING AGREEMENT**

**A.** We will pay damages for "bodily injury" or "property
damage" for which any "insured" becomes legally
responsible because of an auto accident. Damages include
prejudgment interest awarded against the "insured". We
will settle or defend, as we consider appropriate, any

- 10 -

claim or suit asking for these damages.  In addition to
our limit of liability, we will pay all defense costs we
incur.  Our duty to settle or defend ends when our limit
of liability for this coverage has been exhausted by
payment of judgments or settlements.  We have no duty to
defend any suit or settle any claim for "bodily injury"
or "property damage" not covered under this policy.

(Policy, Part A – Liability Coverage, p. 4 of 18).

34.

The Policy defines "bodily injury" as:

**D.**   "Bodily injury" means bodily harm, sickness, or
disease, including death that results from bodily,
sickness or disease.

(Policy, Definitions, p. 2 of 18).

35.

The Policy defines "property damage" as:

**E.**   "Property damage" means physical injury to, destruction
of or loss of use of tangible property.

(Policy, Definitions, p. 2 of 18).

36.

The Policy, at Part A – Liability Coverage, defines

"insured" as:

**B.**   "Insured" as used in this Part means:
**1.** You or any "family member" or other residents in
the household for the ownership, maintenance or use
of any covered auto or "trailer".  Provided,
however, that they are listed in the Declarations.
**2.** Any person with respect to an accident using "your
covered auto" with the express or implied
permission of you or a relative.
**3.** For "your covered auto", any person or organization
but only with respect to legal responsibility for
acts or omissions of a person for whom coverage is
afforded under this Part.

- 11 -

    **4.** For any auto or "trailer", other than "your covered auto", any other person or organization but only with respect to legal responsibility for acts or omissions of you or any "family member" for whom coverage is afforded under this Part.  This provision (B.4.) applies only if the person or organization does not own or hire the auto or "trailer".

    **5.** You with respect to an accident arising out of the maintenance or use of any vehicle with the express or implied permission of the owner of the vehicle.

(Policy, Part A – Liability Coverage, p. 4 of 18).

37.

The Policy, at Part A – Liability Coverage, excludes

coverage in pertinent part as follows:

**EXCLUSIONS**

**A.** We do not provide Coverage under Part A – Liability Coverage for any "insured":

    **1.** "Bodily injury" or "property damage" intentionally caused by an insured person or at the direction of an insured person except to the extent that the limits of liability for this coverage exceed the limits of liability required by the Georgia Motor Vehicle Safety Responsibility Act.

(Policy, Part A – Liability Coverage, Exclusions, p. 4 of 18).

38.

The Policy, at Part A – Liability Coverage, excludes

coverage in pertinent part as follows:

**EXCLUSIONS**

**A.** We do not provide Coverage under Part A – Liability Coverage for any "insured":

    **8.** Using a vehicle without a reasonable belief that that "insured" is entitled to do so.  This exclusion (**A.8.**) does not apply to a "family member" using "your covered auto" which is owned

by you.

(Policy, Part A – Liability Coverage, Exclusions, p. 5 of 18).

39.

Some or all of the defendants contend that the Policy provides coverage for the acts of Tyron Lamar Giddens on September 21, 2020, and that therefore Clear Spring owes a duty to defend and indemnify Tyron Lamar Giddens for the claims for payment for damage to property or medical expenses for personal injuries as described at ¶24 of this Complaint for Declaratory Judgment.

**COUNT ONE –**

**TYRON LAMAR GIDDENS IS NOT, AND ON SEPTEMBER 21, 2020 WAS NOT, AN INSURED PURSUANT TO THE POLICY.**

40.

Clear Spring incorporates by reference Paragraphs 1-39 of this Complaint for Declaratory Judgment as if fully stated herein.

41.

Tyron Lamar Giddens is not, and on September 21, 2020 was not, an "insured" pursuant to the Policy because he was not a "family member" nor a resident in the household of either Jonathan Rose or Sherry Garland. (Policy, Part A – Liability Coverage, p. 4 of 18).

- 13 -

42.

Tyron Lamar Giddens is not, and on September 21, 2020 was not, an "insured" pursuant to the Policy because he was not using the 1999 Dodge Ram pickup with the express or implied permission of Jonathan Rose or Sherry Garland. (Policy, Part A – Liability Coverage, p. 4 of 18).

43.

Tyron Lamar Giddens is not, and on September 21, 2020 was not, an "insured" pursuant to the Policy because he was not a person who had legal responsibility for acts or omissions of a person for whom coverage is afforded. (Policy, Part A – Liability Coverage, p. 4 of 18).

44.

Tyron Lamar Giddens is not, and on September 21, 2020 was not, an "insured" pursuant to the Policy because he was not a person who had legal responsibility for acts or omissions of an insured or an insured's family member for whom coverage is afforded. (Policy, Part A – Liability Coverage, p. 4 of 18).

45.

Tyron Lamar Giddens is not, and on September 21, 2020 was not, an "insured" pursuant to the Policy because he was not a person who had legal responsibility for the maintenance or use of any vehicle with the express or implied permission of the

owner of the vehicle. (Policy, Part A – Liability Coverage, p. 4 of 18).

46.

Clear Spring contends that Tyron Lamar Giddens is not, and on September 21, 2020 was not, an "insured" as defined by the Policy.

47.

Based on these facts, an actual controversy exists between the parties regarding whether liability coverage is afforded pursuant to the Policy. As a result of this controversy, Clear Spring is in a position of uncertainty regarding the rights of the parties.

**COUNT TWO –**

**THE ACTIONS OF TYRON LAMAR GIDDENS ON SEPTEMBER 21, 2020 ARE EXCLUDED FROM COVERAGE AS INTENTIONAL ACTS.**

48.

Clear Spring incorporates by reference Paragraphs 1-47 of this Complaint for Declaratory Judgment as if fully stated herein.

49.

To the extent that on September 21, 2020 Tyron Lamar Giddens was, or may be considered as having been, an "insured" pursuant to the Policy, there is no coverage because the actions

- 15 -

of Tyron Lamar Giddens intentionally caused the "bodily injury" and "property damage" alleged by some or all of the defendants. (Policy, Part A – Liability Coverage, Exclusion A.1.)

50.

Clear Spring contends that to the extent that Tyron Lamar Giddens was, or may be considered as having been, an "insured" pursuant to the Policy, that nevertheless he intentionally caused the alleged damages on September 21, 2020 and thus any coverage that may otherwise accrue to him pursuant to the Policy is excluded.

51.

Based on these facts, an actual controversy exists between the parties regarding whether liability coverage is afforded pursuant to the Policy.  As a result of this controversy, Clear Spring is in a position of uncertainty regarding the rights of the parties.

**COUNT THREE –**

**THE ACTIONS OF TYRON LAMAR GIDDENS ON SEPTEMBER 21, 2020 ARE EXCLUDED FROM COVERAGE AS HE WAS NOT USING THE 1999 DODGE RAM 1500 WITH A REASONABLE BELIEF THAT HE WAS ENTITLED TO DO SO.**

52.

Clear Spring incorporates by reference Paragraphs 1-51 of this Complaint for Declaratory Judgment as if fully stated herein.

- 16 -

53.

To the extent that on September 21, 2020 Tyron Lamar Giddens was, or may be considered as having been, an "insured" pursuant to the Policy, there is no coverage because he had taken the 1999 Dodge Ram 1500 without a reasonable belief that he was entitled to do so, and was using the 1999 Dodge Ram 1500 without a reasonable belief that he was entitled to do so. (Policy, Part A – Liability Coverage, Exclusion A.8.).

54.

Clear Spring contends that to the extent that Tyron Lamar Giddens was, or may be considered as having been, an "insured" pursuant to the Policy, that nevertheless on September 21, 2020 he was operating the 1999 Dodge Ram 1500 without a reasonable belief that he was entitled to do so, and thus any coverage that may otherwise accrue to him pursuant to the Policy is excluded.

55.

Based on these facts, an actual controversy exists between the parties regarding whether liability coverage is afforded pursuant to the Policy.  As a result of this controversy, Clear Spring is in a position of uncertainty regarding the rights of the parties.

## RELIEF REQUESTED

56.

Pursuant to 28 U.S.C.A. §2201, Clear Spring seeks a judicial declaration of the parties' respective rights and duties under the Policy.

57.

Clear Spring reserves all contractual/policy legal and equitable defenses that may exist relating to any and all claims that may be made against it, and further reserves its right to seek a determination that no coverage exists for Tyron Lamar Giddens on any applicable grounds.

WHEREFORE, Clear Spring respectfully requests and prays for the following:

(1)  That process issue and that defendants be served with this Complaint for Declaratory Judgment as provided by law;

(2)  That this Court issue an Order staying any lawsuit filed by any of the above named defendants arising out of the incident described in this Complaint, pursuant to 28 U.S.C.A. §2202;

(3)  That this Court issue an Order that Clear Spring be discharged from any and all duties and obligations to provide liability coverage and a defense to Tyron

Lamar Giddens in any claim or lawsuit brought by any

defendant; and

(4)   For such other and further relief to which Clear

Spring may be entitled.

Respectfully submitted this 18th day of May, 2021.

DREW ECKL & FARNHAM, LLP

/s/ Brian W. Johnson

BRIAN W. JOHNSON
Georgia Bar No. 394745
JEFFREY F. LEASENDALE
Georgia Bar No. 442425

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400 – phone
(404) 876-0992 – fax
bjohnson@deflaw.com
jleasendale@deflaw.com

## LOCAL RULE 5.1C and 7.1D CERTIFICATION

Pursuant to Local Rule 5.1C and 7.1D, I certify that this

pleading has been prepared with Courier New 12 Point, the font

and point selections approved by this Court in Local Rule 5.1C.

11425541/1
10520-184965

- 19 -